IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

ANTHONY MCNAIR )
    Plaintiff, )
)
v. ) Civil Action No. TMD 11-2882
)
CAROLYN COLVIN[1] )
Commissioner of Social Security, )
)
    Defendant. )

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Anthony McNair ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C.§§ 1381-83(c). Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 14) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 20). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

Plaintiff filed his application for SSI on September 10, 2008 alleging disability since August 1, 2008 on the basis of an enlarged heart, diabetes and problems with his legs and shoulder. R. at 106-12, 140. His claim was denied initially and on reconsideration. R. at 81-84, 86-87. On June 9, 2010, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified. R. at 28-71. Plaintiff was represented by counsel. In a decision dated June 24, 2010, the ALJ denied Plaintiff's request for benefits. R. at 14-23. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-5.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for SSI using the sequential process set forth in 20 C.F.R. § 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: cardiomyopathy, diabetes mellitus, vision loss, and obstructive sleep apnea. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that, given his Residual Functional Capacity ("RFC") Plaintiff was not capable of performing his past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 14-23.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the

Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

### IV. Discussion

Plaintiff argues that the ALJ erred (1) at step two of the sequential evaluation; (2) in his RFC assessment; and (3) in the formulation of the hypothetical to the VE.

A.  Step Two

Plaintiff argues that the ALJ erred in finding that his left shoulder impairment and leg and knee pain did not constitute severe impairments. The ALJ found that these impairments "do not minimally affect the claimant's ability to function on a daily living." R. at 18. He observed that these impairments only appear vaguely in the medical record and that there was no record of lasting treatment for foot pain, leg pain and headaches. With respect to his left

shoulder, Plaintiff directs the Court's attention to two pieces of evidence: the opinion of consultative examiner, Dr. Karpers, who indicated that Plaintiff had limited range of motion of his left shoulder, R. at 424-25, and the resulting medical consultant's opinion that he had limited reaching in all directions. R. at 431. The ALJ specifically noted Dr. Karpers opinion regarding the limitation in rotation of the left shoulder and found it to be "highly suspect" because the record does not demonstrate complaints on behalf of the Claimant and that it did not seem to interfere with his past work since this impairment affected Claimant since 1984 ( a fact that Claimant does not dispute). R. at 17. Claimant does not point to any other evidence or explain precisely how his shoulder significantly limits his ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c) (1998)[2].

Similarly, Plaintiff argues that his leg and knee pain should have been found severe and cites his treating physician's opinion that he met Listing 1.02A involving the major dysfunction of a joint because he had experienced chronic bilateral knee pain with knee swelling for several years which limits his ambulation and mobility. R. at 481. He also points to complaints in the record of pain as well as the fact that he had used a cane. R. at 46, 440, 445-46, 455. The ALJ thoroughly discussed the complaints. He specifically noted that with respect to his knee condition, it was mentioned only "vaguely" in the record and when discussed, mostly in the historical context. R. at 17; *see also* R. at 424 (range of motion in lower extremities intact); R. at 362 (no edema in extremities); R. at 383 (no edema bilaterally). Plaintiff also does not

---

[2] Plaintiff argues that the ALJ used the wrong standard when he found that these impairments "do not minimally affect the claimant's ability to function on a daily living." While the Court does note that the language used by the

dispute the ALJ's recognition that Plaintiff's knee condition had not prevented his ability to work in the past. R. at 17. With respect to Dr. Anand's opining that Claimant met Listing 1.02A, the Court will discuss that argument in the next section.

B. <u>RFC Assessment</u>

Plaintiff makes three separate arguments in his challenge to the ALJ's RFC assessment: (1) the ALJ erred in not according controlling weight to the opinion of treating physician, Dr. Anand; (2) the RFC did not accurately reflect his visual limitations; and (3) there was no detailed RFC assessment.

Under the "treating physician rule," a treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical evidence and not inconsistent with other substantial evidence of record. *See* 20 C.F.R §§ 404.1527(d)(2), 416.927(d)(2); *Mastro v. Apfel,* 270 F.3d 171, 178 (4th Cir.2001). However, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater,* 76 F.3d 585, 590 (4th Cir.1996); 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4). "Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro,* 270 F.3d at 178.

Plaintiff argues that the ALJ erred when he found he could perform light work based on the opinion of Dr. Anand who expressed that he could perform neither light nor sedentary work.

---

ALJ imprecise, the Court finds any error harmless as the reasoning cited by the ALJ certainly supports the standard cited above.

R. at 476-79. The ALJ discussed Dr. Anand's[3] medical assessment and gave his opinion that Plaintiff met Listing 1.02A little weight because it was not supported by the record. Contrary to Claimant's argument, the ALJ adequately discussed the opinions of Dr. Anand and explained why he was according his opinion that Claimant met Listing 1.02A (*Major Dysfunction of a Joint* ) less than controlling weight. The ALJ noted that there was only "sporadic" evidence in the treatment notes discussing pain related to his knee or knee restrictions. R. at 21. The ALJ further supported his finding in this regard by observing that there was no evidence in the record that Claimant ever sought out an orthopedic specialist for his alleged knee problems and that he worked despite his knee problems. With respect to the extreme limitations expressed by Dr. Anand, the ALJ noted that Claimant walked with relative ease and was not prescribed a cane as he asserted and that the evidence demonstrates that he could carry up to twenty pounds. *See* R. at 287, 303, 405, 429 (opinions of state agency physicians opining Claimant could carry up to twenty pounds). Moreover, the ALJ gave great weight to the opinion of consultative examiner, Dr. Karpers who indicated gait and station appear normal and that no assistive device was needed for ambulation. R. at 21, 425. On examination, Dr. Karpers noted that with respect to Plaintiff's lower extremities, there was no evidence of clubbing, cyanosis, or peripheral edema and that the range of motion was intact. R. at 424. The Court finds that the ALJ did not err in affording Dr. Ansel's opinion little weight.

Plaintiff separately argues that the ALJ did not properly assess his visual limitations. Dr.

---

[3] The ALJ incorrectly refers to the treating physician as Dr. Ansel in his opinion.

Anand opined that Claimant's visual impairment would significantly interfere with his ability to work. R. at 478. Yet, the ALJ noted that Claimant's prior work as a heating and air conditioning technician which required hand-eye coordination negated such assessment. R. at 22; *see* R. at 328. Accordingly, the Court finds that the ALJ did not err in his decision to afford Dr. Anand's opinion little weight in this regard as well. The ALJ specifically found that Plaintiff's visual limitations constituted a severe impairment at step 2 of the sequential evaluation, R. at 16. In his RFC assessment, the ALJ indicated that despite his diminished vision, Claimant could still perform his past relevant work (as a heating and air conditioning technician) and perform his activities of daily living. In fact, the hypothetical posed to the VE specifically indicated that the individual had the ability to see light only in one eye but otherwise be capable of performing activities of daily living. R. at 65; *see* R. at 485. While the Court acknowledges that the ALJ could have provided a more detailed assessment, the Court is nonetheless persuaded that any error was harmless as Plaintiff has not contradicted that he, in fact, worked despite his vision complaints. *See Taylor v. Astrue,* No. BPG-11-0032, 2012 WL 294532 at *8 (D. Md. Jan. 31, 2012) ("It is possible, therefore, for an ALJ to find at step two that a claimant's condition is severe—because the medical evidence does not conclusively prove otherwise-and yet at step four find no substantial evidence that the condition actually limits the claimant's ability to work.").[4]

Next, Plaintiff argues that the ALJ's limitation to "light work" was not specific enough

---

[4] For the same reasons, the Court rejects Plaintiff's argument that the hypothetical to the VE did not properly address Claimant's visual limitations.

and he was required to perform a more detailed assessment of his abilities to stand and carry. Light work is defined in the regulations as involving "lifting no more than 20 pounds at a time with frequent lifting or carrying objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). As this Court has previously stated, "SSR 98–6p requires an ALJ to consider the evidence presented on a function-by-function basis, it 'does not require [him] to produce such a detailed statement in writing.'" *Taylor*, 2012 WL 294532 at *6 *citing Davis v. Astrue,* Civil No. JKS 09–2545, 2010 WL 5237850 (D.Md. Dec.16, 2010). "Rather, an RFC assessment is sufficient if it includes "a narrative discussion of [the] claimant's symptoms and medical source opinions." *Taylor*, 2012 WL 294532 at *6 *citing Thomas v. Comm' r, Social Sec.,* Civil No. SAG–10–1828, 2011 WL 6130605 at *4 (D.Md. Dec.7, 2011); *see also Coles v. Astrue,* Civil No. JKS 08–321, 2009 WL 3380334 (D.Md. Oct.16 2009) ("Once all of the relevant evidence has been considered, then the ALJ may express the RFC in terms of the exertional levels of work.") (citing SSR 96–8p at *3.) This is precisely what the ALJ did here. He provided a full narrative of his consideration of the evidence on file, specifically taking note of the opinions of the state agency physicians who opined Claimant was capable of lifting up to twenty pounds occasionally and ten pounds frequently and sit, stand or walk for about six hours in an eight hour workday. R. at 21, 287. 303, 405, 429.[5]

---

[5] The Court has also reviewed Plaintiff's argument with respect to mental limitations and the RFC and finds it to be equally without merit.

## V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED.[6] A separate order shall issue.


Date: September 16, 2013
_____/s/_____
THOMAS M. DIGIROLAMO
United States Magistrate Judge

---

[6] The Court has also reviewed Plaintiff's argument regarding the ALJ's hypothetical and finds it to be without merit.